*May Term,*
*1856.*

KETCHAM
v.
THE NEW-ALBANY AND
SALEM RAIL-
ROAD Co.

———————

KETCHAM *v.* THE NEW ALBANY AND SALEM RAILROAD
COMPANY.

Section 3 of the act providing for the organization of Circuits Courts, &c., approved *June* 1, 1852, is remedial (being intended to prevent any inconvenience or failure of justice in case of the disability of the circuit judge) and is to be liberally construed.

The section being remedial, and in some measure directory, a substantial compliance therewith is sufficient.

An instruction relating to the evidence, will be presumed to have been correct, if the evidence is not set out in the record.

A denial under oath of the delivery of an instrument which is the foundation of an action, is, in effect, a denial of its execution.

APPEAL from the *Monroe* Circuit Court.

STUART, J.—Assumpsit, instituted in 1851, by the railroad company against *Ketcham*, on an alleged subscription of 1,250 dollars of stock. At the *August* term, 1851, of the *Monroe* Circuit Court, *Ketcham* pleaded several pleas, among them the general issue, *nul tiel corporation*, and a special plea of fraud, which led to issues of fact. The other pleas it is not material to notice.

The cause was continued from time to time till the *May* term, 1853, when it was docketed for a special term in *July*

*Monday,*
*May 26.*

May Term,
1856.

KETCHAM
v.
THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.

of that year, because the judge had been of counsel. At the special term, judge *Bicknell*, of the adjoining circuit, presided.

At the *July* term, *Ketcham* had leave to file an additional answer, which he did under oath, alleging that the several writings in the declaration mentioned were all one and the same writing; that though signed by the defendant, it was never by him, nor by any person lawfully authorized by him, delivered to the plaintiff, or to any lawfully authorized agent of the plaintiff.

Demurrer to the answer, because it did not show facts sufficient to bar the action; and the demurrer was sustained. Trial by jury, verdict for the plaintiff for 1,286 dollars and 25 cents. Motion for a new trial overruled, and judgment.

During the progress of the cause, several bills of exceptions, were taken; but none of them purport to set out the evidence. Several errors are assigned, but in this state of the record the second, third and fifth alone can be noticed.

The second is, that judge *Bicknell* had no jurisdiction to try said cause and render judgment. The special term was held under the third section, 2 R. S.; p. 5. Sundry irregularities are urged: that the special term must be held not exceeding thirty days after the service of process, &c. It must be admitted that the section is not as perspicuous as it might be. The authorship of chapter 4, in which it occurs, has been repeatedly attributed to the judge who delivers this opinion. But it is not improper on this occasion to say that such is not the fact. The bill in relation to Circuit Courts, prepared by the "committee on the organization of Courts," was house bill No. 123, which, on the 8th of *June*, 1852, was laid on the table, because "a bill on the same subject had already passed both houses." The law as it now stands, chapter 4, in relation to Circuit Courts, was bill No. 123 of the senate; and is entirely different from that of the house.

The third section is remedial—intended to prevent any inconvenience or failure of justice in case of the disability of the circuit judge. As such it is to receive a liberal

construction. In this light, proceedings under it far more irregular than anything complained of here, were sustained. *Murphy* v. *Barlow*, 5 Ind. R. 230. If it were to be taken literally and imperative, it is very doubtful whether any Court could be held under it. But regarding it as a remedial act, in some measure directory, a substantial compliance is sufficient. We are, therefore, of opinion that judge *Bicknell* had jurisdiction.

The third error assigned is, that the instructions given were erroneous. In the argument, objection is urged to one instruction only. That is in these words: "Whether the defendant ever delivered to the plaintiff, or to the plaintiff's agent or agents, any such writing as is described in the declaration, and is the subject matter of this suit, is immaterial, under the circumstances of this case."

As the evidence is not in the record, we do not know what the circumstances were, which, in the opinion of the Court, dispensed with the delivery of the writing sued upon. Nor can we readily conceive what circumstances could dispense with an element so essential to the validity of a written instrument. It may perhaps be, that under the issues joined, the demurrer being sustained to the sixth plea, the defendant was precluded from raising any question as to its delivery, or any other objection going to its execution.

The fifth assignment of error is, in sustaining the demurrer to the sixth paragraph of the defendant's answer. That was an answer denying the delivery of the writing sued upon, verified by affidavit. To deny the delivery was to deny an essential part of the execution of the instrument. He might, perhaps, have denied the execution generally; but for greater safety he made the ground of denial specific. The statute provides that "where a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to in any pleading, it may be read in evidence on the trial of the cause, against such party, without proving its execution, unless its execution be denied by affidavit before the commencement of the trial, or unless denied by a pleading under oath."

May Term, 1856.

KETCHAM v. THE NEW-ALBANY AND SALEM RAILROAD CO.

May Term,
1856.

2 R. S., p. 44. The sixth plea or answer denied under oath the delivery of the writing sued upon. That was in effect denying its execution. The demurrer assigning for cause that "the answer did not state facts sufficient to bar the action," was not well taken, and should have been over-ruled. The answer was in substantial compliance with the statute. See *Unthank* v. *The Henry County Turnpike Company*, 6 Ind. R. 125.

For this error, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. McDonald* and *W. A. McKenzie*, for the appellant.

*R. Crawford*, for the appellees.