## MARINER vs. COON and another.

An execution issued upon a dormant judgment without leave of the court is not void, but voidable, and a sale of property under it is valid. (R. S. ch. 134, § 1 and 2.)

No advantage can be taken of such irregularity except by a direct proceeding to set aside the execution, and the irregularity may be waived by the judgment debtor omitting to avail himself of that remedy in due season.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for the recovery of real estate. At the trial below, it was admitted that on the 17th day of June, 1848, the title to the premises in question became and was vested in the defendant *Coon*. The plaintiff then gave in evidence the record of the recovery of a judgment in the district court of the United States for the district of Wisconsin, in favor of Lewis Wilson, a citizen of the state of New York, against the defendant *Coon*, and Charles James, citizens of the state of Wisconsin, rendered on the 14th day of April, 1852, for the sum of $565.15, damages and costs. The plaintiff offered in evidence an *alias* execution, issued on said judgment, with the return of the

United States marshal thereon endorsed, showing that the premises in question had been sold on said execution to the plaintiff *Mariner*, on the 6th day of March, 1858, for the sum of $809.47, which *alias* execution was issued and dated December 29th, 1857; together with a deed of the same premises, in the usual form, executed pursuant to such sale, to the said plaintiff, on the 23d day of July, 1860. It did not appear that any leave of court had been obtained to issue said *alias* execution, or that any application for such leave had been made. The defendants objected to the admission of said execution, return and deed, in evidence, on the ground that the execution was not issued within two years after the rendition of the judgment, and that no order of court, allowing it to issue, had been shown. In connection with said objection, the defendfendants produced and read from the rules of practice of ' said district court of the United States, the following rule adopted on 'the 6th day of April, 1857. "When not otherwise directed by the laws of the United States, process of execution and proceedings and recoveries allowed therein, shall be as directed by the laws of the state, excepting the forms." And also the following rules which were in force when said *alias* execution was issued. "The laws that may be in force respecting the manner in which records are to be made and judgments entered in term or vacation, and the time for the lien thereof and the manner of their revival, that are not inconsistent with the laws of the United States, or the decisions or rules of the supreme court, or these rules, are adopted as rules of this court so far as applicable." "When not otherwise directed by laws of congress,. writs of execution and the manner of proceeding thereon, by the marshal, shall be as prescribed by the laws of Wisconsin. In sales of land by the marshal, on execution,. the same proceedings shall be had and the same equity of redemption shall. be allowed as may be authorized by the law of this state; and the certificate of the marshal of such sales shall be filed in the register's office of the county where

the land lies, and filed with the clerk of this court." The circuit court sustained the objection, and excluded the said execution, return and marshal's deed, to which ruling the plaintiff excepted. The plaintiff then rested, and the circuit judge directed the jury to find and they did find a verdict for the defendants, upon which judgment was rendered in their favor, and against the plaintiff, and from which he appealed.

*E. Mariner* in pro. per. The laws of this state as to matters of practice are not obligatory upon the courts of the United States, *propria vigore*, 9 Pet., 319 ; 10 id., 89. There is nothing in the rules of the district court of the United States, read at the trial, which regulates the time or manner of issuing executions. The execution cannot be avoided collaterally, even if it were unadvisedly issued and executed. It was only voidable, not void, and having been executed without objection, a good title was conveyed under it. 8 Johns., 362 ; 13 Johns., 98, 535 ; 1 Cow., 711 ; 3 Cranch, 328 ; 2 McLean, 50 ; 8 Cow., 102.

*James Mitchell* for respondents. Secs. 193 and 194, chap. 120, Laws of 1856, took away all power or jurisdiction of the court to issue the execution after two years from the rendition of the judgment, without leave granted on an application for that purpose, and the execution was therefore a nulity. 12 How. Pr., 438 ; 3 Duer, 45 ; 2 Abb. Pr., 117 ; 13 How. Pr., 572. By 2 R. S. of N. Y. of 1830, p. 360 ; sec. 11, it was provided that no judgment should be deemed valid so as to authorize any proceedings thereon, until the record thereof should have been signed and filed. The courts of New York, in construing this statute, held that executions issued before the filing and signing of the records were nullities. *Mariner vs. Herrick*, 5 Wend., 109 ; *Clute vs. Clute*, 4 Denio, 241 ; *Remington vs. Goodrich*, 5 Wis., 138 ; 2 Chitty's Archbold, 1044 ; McNamara on Nullities, 3, 61, 76, 90, 111, 113, 137.

In this case the marshal had no authority to sell, and he who purchases under a power, purchases at his peril and acquires no title, unless there is a valid and subsisting power.

*Carpenter vs. Stilwell*, 1 Kern, 61; *Wood vs. Colvin*, 2 Hill, 566; 5 Hill, 272, 246; 8 Wend., 676; 6 Hill, 14; 7 Johns., 535; McNamara on Nullities, 29; *Rape vs. Heaton*, 9 Wis., 328; *Pollard vs. Wegener*, 13 Wis., 569.

*By the Court*, DIXON, C. J. The question presented by this case is, whether an execution issued upon a dormant judgment, without leave of court, is void or only voidable. If void, no sale can be made un ler it, and the purchaser acquires no title, But if voidable, the sale may be valid, notwithstanding the omission to obtain leave. We are of opinion that such an execution is merely voidable, and therefore that no advantage can be taken of the irregularity, except in a direct proceeding to set it aside.

The rule at common law is well known. If the plaintiff failed to take out execution within a year and a day, extended in many of the states, by statute, to two years from the time the judgment became final, it could not be regularly issued thereafter, without reviving the judgment by *scire facias*. The rule was founde d upon a presumption that the judgment had been satisfied, which drove the plaintiff to a new proceeding to show that it had not; and yet it was invariably held, that an execution taken out after that time, and without *scire facias* or judgment of revivor, was not null, but simply irregular. The defendant might, if he desired, interpose and set it aside upon motion; but if he neglected to do so, it was considered an implied admission that the judgment was still in full force. He might waive the irregularity, and thus avoid the expense of a *scire facias*. See *Irwin's Lessee vs. Dundas*, 4 How., 79; and *Doe vs. Harter*, 2 Carter, (Ind.) 252, and the cases cited.

But the code (sections 192 and 193 of the original act, now sections one and two, of chap. 134, R. S.), prescribes a different practice, and it is upon this that the counsel for the defendants chiefly relies. When the execution in controversy

was issued, the period was fixed at two years from the entry of judgment. It is now enlarged to five. Laws 1861, chap. 140. After that period has elapsed, it is provided that "an execution can be issued only by the leave of the court, upon motion," &c. This language is said to take away all power, except it be acquired in the manner prescribed, and to render every process issued in contravention of it, void for want of jurisdiction. Were we to suppose the legislature to be speaking with reference to the question of power, then there is nothing in their language inconsistent with the position of counsel and we might adopt his views. But we are not at liberty to act upon this supposition. Upon looking to the previous state of the law, and to other provisions of the act, we see very clearly, that it was a matter of practice with which the legislature were dealing, a question as to the *form* of proceeding which should thenceforth be pursued, and not one which necessarily affected the jurisdiction in case the new practice was not complied with. By section 331 of the original act (section 1, chap. 160, R. S.), the writ of *scire facias* is virtually abolished. The remedies heretofore obtainable in that form, may be obtained by civil action under the provisions of the code. But by the particular provision of section two, chap. 134, above referred to, the remedy by motion to revive a judgment, which has become dormant by lapse of time, is substituted. Hence the peculiar significance of the word "only," upon which the counsel insists so strongly to show a want of jurisdiction. The execution shall be issued *only* upon motion ; otherwise the plaintiff might resort to the remedy by civil action. It appears, therefore, that the consequences of a departure from the practice prescribed by statute, are the same as they were at common law. It is a simple irregularity, which the execution debtor may waive, and which it seems he did do in this case.

Judgment reversed, and a new trial awarded.