### Miller ad. vs. Henderson.

A demurrer to a declaration by an administrator, because the letters were unstamped, held bad: it is sufficient to stamp either the letters or the administration bond, if a stamp be required; and the objection, if good, should be made by plea.

*Appeal from Saline Circuit Court.*

Hon. Liberty Bartlett, Circuit Judge.

Watkins & Rose, and J. M. Smith, for appellant.

Clark, Williams & Martin, for appellee.

Mr. Chief Justice Walker delivered the opinion of the court.

This is an action of debt, brought by the appellant, as administratrix of the estate of Mark S. Miller, deceased, upon a writing obligatory, executed by the defendant to the plaintiff's intestate. The declaration is in the usual form, and makes profert of the letters of administration granted by the clerk of the court of probate, for the county of Ouachita, on the 24th day of February, 1864.

The defendant craved oyer of the letters of administration, which was granted, and demurred to the declaration, and set forth as special cause, of demurrer:

1st. That upon the face of said letters, and upon the record it is shown that Phillip Agee was not clerk of said county of Ouachita, and that there was no clerk or probate court in existence in said county at the date of said letters.

2d. Said letters of administration are not stamped as required by act of congress.

The circuit court sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed.

The first ground of demurrer presents the same question which was decided by this court in the case of *Hawkins vs. Filkins*, and under that decision we will hold the ground of demurrer insufficient.

As regards the second ground of demurrer, which is for the want of a stamp placed upon the letters of administration, it will be observed that, even if it was necessary to place a stamp upon the letters, about which it is not at this time necessary to express an opinion, the objection could not be reached by demurrer; because, under the act of congress and the instructions in regard to affixing revenue stamps, the stamp may either be affixed to the administration bond, or the letters of administration, and therefore, although there is no stamp affixed to the letters, it does not necessarily follow that the letters were invalid. By demurrer the facts are taken as true, and as the letters would be as valid if the bond was stamped, as if the stamp had been affixed to the letters, there is no necessary defect in pleading.

If the defendant wished to question the validity of the letters of administration he should have done so by plea *ne unques administrator*. *Edwards on the Stamp Act, p.* 218; *Thynne vs. Pothero, 2 M. & S.,* 553. The plaintiff might sustain the issue on this plea, by producing his letters stamped, or by producing an administration bond stamped in connection with his unstamped letters; or if neither had been stamped, the letters bore date in February, 1864, and under the act of congress passed June 30th, 1864, could have been produced in court and then stamped, and offered in evidence, as held in the case of *Dorris vs. Grace,* at the present term of this court.

We are therefore of opinion that the circuit court erred in sustaining the demurrer to the declaration. And for this error the judgment must be reversed and set aside.