## JONES vs. DAVIS.

*Judgment against party entered by his own direction.—Pleading: allegations construed.—Sale on execution issued without leave of court, not void for the irregularity.*

Jones vs. Davis.

1. After demurrer to complaint sustained, a judgment against plaintiff entered by direction of *his* attorney is valid until set aside on defendant's motion; and plaintiff's writ of error will not be dismissed because the judgment was not entered by defendant's direction.

2. An averment that defendant " conveyed " certain land to the plaintiff " by warranty deed," and "that said deed contained a covenant on the part of said defendant that," etc., shows sufficiently that it was defendant's deed and covenant.

3. Where a stamp is essential to the validity of a deed, an averment that the deed was *made* imports that it was *stamped*.

4. In an action for a breach of covenant against incumbrances, an averment that the land was sold under an execution " *duly* issued " upon a judgment outstanding at the time of plaintiff's purchase, is sufficient without showing an application to the court for leave to issue the execution; although it appeared that it could not regularly issue without such application.

5. Such execution, and the sale under it, would be *voidable* only, and not *void*, even if it were issued without leave of the court.

ERROR to the Circuit Court for *Fond du Lac* County.

The action below was by *Susanna Jones* against *Chauncey Davis*; and the present suit is to reverse a judgment in favor of the defendant below, on demurrer to complaint sustained. The case is sufficiently stated in the opinion.

*Edward S. Bragg*, for defendant in error, contended that there was no allegation in the complaint that *Davis* made a deed, or that the covenant sued on was his covenant. 1 Saunders, 291, n. 1; 1 Chitty's Pl., 237, 430 et seq. 2. The term *deed* does not, in its common or legal signification, import a stamped document, though it does import a seal; and the act of Congress itself (Rev. Laws U. S., 110) speaks of deeds stamped and deeds unstamped, the former valid, and the latter of no validity. 3 Parsons on Con., 286–7. 3. There is no authority at common law for an execution against real property. Under the statute the execution in this case could not issue without an order of court. An execution having no support by the common law, and without authority of statute, would seem to be a nullity, and

sales under it void. As to the effect of the word " duly " in pleading, see 6 Duer, 517. The allegation in the complaint does not come under the provision of sec. 23, ch. 125, R. S., because it is not alleged that the court made any determination in regard to the issue of the execution.

*Blair & Coleman, contra:*

The allegation that the execution was *duly* issued was sufficient under the statute. R. S., ch. 125, sec. 23.* An execution issued without leave of court more than two years from the docketing of the judgment, is not void, but merely irregular. *Mariner v. Coon,* 16 Wis., 465; *Selsby v. Redlon,* 19 id., 17. The sale was good, even if the execution was irregularly issued. 8 Johns., 362; 13 id., 98; 1 Cow., 711; 4 How. Pr. R., 79.

PAINE, J. This is a writ of error on a judgment entered upon an order sustaining a demurrer to the plaintiff's complaint. A motion was made to dismiss the writ, upon affidavits, and a certificate of the clerk of the circuit court that the judgment was entered by him at the request and by the direction of the plaintiff's attorney, and without any direction or authority from the defendant's attorney. It is claimed in support of the motion, that the defendant's attorney had the right to control his own judgment; and authorities were read showing that in such case the plaintiff's attorney, if he desired to bring, a writ of error, and the defendant neglected to enter judgment, should have applied to the court to require the defendant to enter it, or, in case of his neglect, to give the plaintiff the right to do it for him.

---

* This section declares that "in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made."

But conceding that this would have been the only strictly regular practice, it does not show any ground for dismissing the writ of error.    The judgment was entered by the clerk, whose duty it is by law to enter it.    It is regular in form, and, so far as the record shows, it is regular in all respects. The most that can be claimed for the objection made is, that it was an irregularity which might justify the court below in setting it aside on a proper application.    Whether the court below should set it aside on the facts here shown, it is not necessary to determine.    But until set aside, it is a valid judgment, and the writ of error brought upon it cannot be dismissed.

We have come to the conclusion upon the merits of the case, that the demurrer to the complaint was improperly sustained.    The action was brought for a breach of the covenant against incumbrances in a deed.    The complaint alleges that the defendant " conveyed " the land described to the plaintiff, " by warranty deed," and " that said deed contained a covenant on the part of said defendant that said premises were free and clear of all incumbrances whatever." It is said that this does not show either that it was the defendant's deed or his covenant.    But this is too great a refinement of criticism on the language used.    It is difficult to see how a man can convey land by a deed, unless it is his deed.    And if a man's own deed contains a covenant " on his part," it must be his covenant.    The language is not fairly capable of any other interpretation.—It is also said that the complaint is defective because it does not allege that the deed was stamped.    It is conceded that this was not necessary under the English stamp act, but only because that act did not make a stamp essential to the validity of the instrument, preventing it only from being received in evidence without a stamp.    And it is claimed that our revenue law is different in that respect, and makes.

the stamp essential to the validity of the instrument. But even though this difference exists, it still seems unnecessary to allege that the deed was stamped. Because it was well settled, as counsel admitted, that in pleading a deed it was not necessary to aver that it was signed, or sealed, or attested; but that the allegation that a party made his deed, imported all these requisites, without which there would have been no deed. If, then, the law has created a new requisite, and made a stamp an essential part of the instrument, the allegation that the party made a deed will now include the stamp, by the same reasoning that it before included the seal. If the stamp is not essential to the validity of the deed, it is not necessary to allege it, because the deed is valid without it. If it is essential, it is not necessary to allege it, because the allegation that there was a deed imports it.

The complaint avers that at the time of the conveyance by the defendant to the plaintiff, there was an outstanding judgment against a former owner of the property, which was a lien upon it. It then avers that on a day which was nearly ten years after the docketing of the judgment, an execution "was *duly* issued," and that the property was sold, in consequence of which the plaintiff was obliged to pay a certain sum to extinguish the lien. It is said that the execution could not have been issued at the time it was without an application to the court, and that it was not sufficient to allege generally that it was "duly issued," inasmuch as the statute expressly allowing that form of pleading in certain cases, does not extend to such a case, but that the pleading should have averred the facts showing that it was duly issued. But it is settled that though the execution was issued without reviving the judgment, at a time when this was strictly necessary, still neither the execution nor the sale under it would be void. They

would only be voidable on proper application. *Bank of Genesee v. Spencer*, 18 N. Y., 150; *Mariner v. Coon*, 16 Wis., 465. It was therefore immaterial, upon the facts stated in this complaint, whether the execution was issued with or without leave of the court. The sale under it, in either case, was valid, and furnished a sufficient justification to the plaintiff for paying such sum as he was obliged to for the purpose of protecting his title.

These are the only objections urged to the complaint, and none of them are valid.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings.