## JOHN vs. THE STATE.

1. Forging an instrument which is invalid upon its face, does not constitute the crime of forgery.
2. Where an indictment for forging an indorsement upon a draft, purported to set out the draft in full, and it did not appear to be stamped: *Held* (on motion in arrest of judgment), that the indictment was bad.

ERROR to the Circuit Court for *Winnebago* County.
*Felker & Weisbrod*, for plaintiff in error.
*The Attorney-General*, for the state.

PAINE, J. The plaintiff in error was indicted for forging an indorsement upon a draft, and on the trial was convicted. A motion in arrest of judgment was made, upon the ground that there was no allegation that the draft was stamped, and that

John vs. The State.

being set out in full in the indictment, it did not appear to be stamped.

The authorities cited by counsel show, that to forge an instrument which upon its face is of no validity or binding force, does not constitute the crime of forgery. And indeed no authorities would seem necessary for so plain a proposition. So soon as it appears that the alleged draft is no draft, but a mere void paper, it follows that the party was not guilty of forging an indorsement upon a draft.

There can be no question that, under the act of congress, an unstamped draft is void. It expressly declares that papers required to be stamped shall be void if not stamped. So that the inquiry is, whether it appears affirmatively on the face of the indictment that this draft was not stamped, or, if that did not appear, whether it would be necessary to allege affirmatively that it was stamped.

In the case of *Jones v. Davis*, 22 Wis. 421, we held, that in a civil suit, an allegation that a party conveyed land by a deed imported that the deed was stamped, if a stamp was essential to its validity. But whether such a rule could be allowed in criminal pleadings, it is not now necessary to determine, as it is to be inferred from the face of the indictment that this draft was not stamped. The draft is set out in full, and there is no indication of any stamp upon it. It is fair, therefore, to say that it appears affirmatively that it was not stamped, and was for that reason void.

This being so, the forging of the indorsement of the payee did not constitute the crime of forgery, and the motion in arrest should have been granted.

*By the Court.* — The judgment is reversed.

* The offense was charged to have been committed in February, 1867. REP.