SMITH v. HUNTER.

PROMISSORY NOTE.—*Pleading.*—*Assignment.*—In a suit upon a promissory note by an assignee, the fact of the assignment being alleged in the complaint, a surety cannot object to the complaint because a copy of the assignment is not set out.

SAME.— *United States Revenue Stamp.*—Suit on a promissory note executed November 20th, 1866. The complaint did not allege that the instrument was stamped, and no copy of a stamp was set out.

*Held,* that this did not render the complaint insufficient.

SAME — *Collateral Security.*—Where a creditor has obtained a judgment, which is collectable, on a note held by him as collateral security, he will not be thereby prevented from availing himself, to the extent of his entire claim, of another note held by him as collateral security for the same claim.

APPEAL from the Ripley Common Pleas.

RAY, J.—Hunter sued Smith and one Voltz on a note executed November 20th, 1866, by Voltz as principal and Smith as surety, payable to the order of Yater & Bro., and which the complainant alleges was assigned by said payee to the plaintiff.

It is objected that a copy of the assignment is not set out. The fact is averred, and the action against Smith is not on the assignment. Again, it is objected that the instrument is not alleged to be stamped, and no copy of a stamp is set out. It has been held, in *Lynch* v. *Morse,* 97 Mass. 458, and *Carpenter* v. *Snelling, Id.* 452, and in *Hanford* v. *Obrecht,* 49 Ill. 146, that the act of Congress on this subject controls alone the courts of the United States. But however this may be, it is clear, that as the act in force when this note was executed only applied to instruments where the stamp was omitted with intent to defraud the government, no allegation anticipating such a defense is required. The complaint was sufficient.

A second paragraph of answer was filed as a partial defense. It alleged that the plaintiff held the note in suit as collateral security for a debt of thirteen hundred dollars and that the appellant was simply a surety on said note;

that the plaintiff received as collateral security other good notes at the same time, and had obtained a judgment upon one of them for eight hundred dollars, which was collectable. A demurrer was sustained to this paragraph. The ruling was correct. Until the debt was paid the plaintiff could avail himself of any and all of his securities to the extent of his claim.

Judgment affirmed, with six per cent. damages and costs.

*E. P. Ferris* and *H. T. Lipperd,* for appellant.

*J. D. Haynes,* for appellee.