No. 323.—L. GRAND & Co. v. CHARLES P. COX et al.

The burden falls upon the person who objects to the admission of a certified copy of a mortgage in evidence, on the ground that the original did not contain the required amount of internal revenue stamps upon it, of showing that the stamps were not upon it at the time it was recorded. In the absence of such proof the presumption is that the recorder required the necessary stamps to be affixed before he recorded the act.

APPEAL from the Fourteenth Judicial District Court, parish of Richland. Ray, J. W. W. Campbell, for plaintiffs and appellees. Morrison & Farmer, for defendants and appellants.

WYLY, J. The plaintiffs sue the defendants jointly for $2715 for supplies furnished them during the year 1867, and claiming a privilege, they sequestered part of their crops; they also seek to foreclose the mortgage given by the defendant Scriber on the land described in the petition. The defense was the general denial.

The court gave judgment for the plaintiffs and the defendant Scriber has appealed.

As to the defendant Cox, the judgment can not be examined, because he has not appealed.

The defendant Scriber excepted to the admission in evidence of the certified copy of mortgage which he gave the plaintiffs on the eleventh December, 1867, because the original act of mortgage was not stamped as required by the revenue laws of the United States.

The recorder's certificate attached to said copy shows that it was duly recorded on nineteenth December, 1867. In the absence of proof to the contrary, we will presume that the recorder did his duty, that he required the necessary stamps to be legally affixed before registering the act. The bill of exceptions was not well taken.

From the evidence we think the court erred in condemning the defendant Scriber jointly with the defendant Cox for $2715, and also decreeing judgment against him for $1500, the amount of the mortgage. The amount for which there should be judgment against him is only the amount of the mortgage consented to by him on the eleventh December, 1867.

It is therefore ordered that the judgment against the defendant Scriber be reduced to $1500, with five per cent. per annum interest thereon from first January, 1868, and as thus amended let the judgment be affirmed.

It is further ordered that appellees pay costs of appeal.

Rehearing refused.