### KIRK v. WESTERN UNION TEL. CO.

#### (Circuit Court, N. D. California. January 3, 1899.)

#### No. 12,689.

REVENUE ACT—TELEGRAMS—DUTY TO STAMP.

    Under the act of congress of June 13, 1898, § 18 (30 Stat. 456), providing that a telegraph company shall incur a certain penalty for transmitting a message not stamped as therein required; and section 7 (30 Stat. 452), providing that any person who shall "make, sign, or issue" an instrument not properly stamped shall be subject to a fine,—it is the duty of the maker or signer of the message offered for transmission to affix the stamp.

Action at law to recover damages in the sum of $5,000, for the alleged neglect of the defendant to transmit a certain telegraphic message presented to the defendant by the plaintiff on the 11th day of August, 1898.

E. Myron Wolf, for plaintiff.

R. B. Carpenter, for defendant.

MORROW, Circuit Judge. This is an action to recover damages for the alleged neglect of the defendant to transmit a certain telegraphic message presented to the defendant by the plaintiff on the 11th day of August, 1898. The defendant has interposed a demurrer to the complaint, on the ground that it does not appear from the complaint that the telegram alleged therein to have been offered to the defendant for transmission and delivery had upon its face or elsewhere the internal revenue stamp, required by section 7 of the act of congress approved June 13, 1898, entitled "An act to provide ways and means to meet war expenditures, and for other purposes."

Section 6 of the act referred to provides as follows:

"That on and after the first day of July, eighteen hundred and ninety-eight, there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this act, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, and things, or any of them, shall be written or printed by any person or persons, or party who shall make, sign, or issue the same, or for whose use or benefit the same shall be made, signed, or issued, the several taxes or sums of money set down in figures against the same, respectively, or otherwise specified or set forth in the said schedule." 30 Stat. 451.

Section 7 provides:

"That if any person or persons shall make, sign, or issue, or cause to be made, signed, or issued, any instrument, document, or paper of any kind or description whatsoever, without the same being duly stamped for denoting the tax hereby imposed thereon, or without having thereupon an adhesive stamp to denote said tax, such person or persons shall be deemed guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not more than one hundred dollars, at the discretion of the court, and such instrument, document, or paper, as aforesaid, shall not be competent evidence in any court" 30 Stat. 452.

Section 9 provides:

"That in any and all cases where an adhesive stamp shall be used for denoting any tax imposed by this act, except as hereinafter provided, the person using or affixing the same shall write or stamp thereupon the initials of his name and the date upon which the same shall be attached or used, so that the same may not again be used." 30 Stat. 453.

Section 18 provides:

"That on and after the first day of July, eighteen hundred and ninety-eight, no telegraph company or its agent or employé shall transmit to any person any dispatch or message without an adhesive stamp, denoting the tax imposed by this act, being affixed to a copy thereof, or having the same stamped thereupon, and in default thereof shall incur a penalty of ten dollars: provided, that only one stamp shall be required on each dispatch or message, whether sent through one or more companies: provided, that the messages or dispatches of the officers and employés of any telegraph company or telephone company concerning the affairs and service of the company, and like messages or dispatches of the officials and employés of railroad companies sent over the wires on their respective railroads shall be exempt from this requirement: provided further, that messages of officers and employés of the government on official business shall be exempt from the taxes herein imposed upon telegraphic and telephonic messages." 30 Stat. 456.

In section 25 of this same act it is provided, under the head of "Schedule A, Stamp Duties": "Dispatch, telegraphic: Any dispatch or message, one cent."

It is contended in support of the demurrer that it was the duty of the plaintiff to affix and cancel the internal revenue stamp provided in the last section, before tendering the dispatch to the defendant for transmission, and that negligence cannot be charged against the defendant for its refusal to transmit a message which was not stamped by the plaintiff as required by law. The real question submitted to the court for decision is this: Upon whom does the law impose the burden of paying the stamp tax,—the sender of the message, or the telegraph company? The document being subject to tax under Schedule A, the fine or penalty imposed for the omission to affix and cancel the proper stamp is, under section 7, imposed upon the person who makes, signs, or issues the document. The statute is in the disjunctive, and reaches not only the omission of the person who issues a document subject to the tax, but the maker and signer of the instrument. The law for this purpose takes notice, therefore, of the person who writes out and signs a dispatch, and makes him liable for the omission to stamp the instrument he creates. By the terms of the stamp schedule, the tax of one cent is placed upon this instrument as prepared by the sender, without reference to any act of the telegraph company in transmitting the message to its destination. The instrument described is a "Dispatch, telegraphic: Any dispatch or message." Had it been intended to impose this tax upon the telegraph company, congress could certainly have identified the subject of taxation as the document transmitted by the telegraph company; and it may be said that the penalty of $10, provided in section 18 for the default of the telegraph company in transmitting a dispatch or message without the stamp denoting the tax imposed by law, is such an identification of the subject intended to be taxed. But the difficulty with this interpretation of the statute is that it does not relieve the sender from the fine of not more than $100 for his omission to affix the proper stamp to the dispatch or message as made and signed by him, and delivered to the telegraph company for transmission. Two penalties are clearly imposed upon parties engaged in making and transmitting an unstamped dispatch or message, —a fine of not more than $100 upon the party who makes, signs, or issues the document; and a penalty of $10 upon the telegraph company for transmitting it to its destination,—the first being intended to secure the payment of the tax, and the latter the attention and service of the telegraph company in the enforcement of the law.

It follows, therefore, that the instrument set forth in the complaint was subject to a stamp tax, and that it was the duty of the plaintiff, as the maker and signer of the instrument, to affix to it, and cancel, the stamp required by law, before he can charge the defendant with neglect in failing to transmit the message to its destination. The demurrer will be sustained.