WESTERN UNION TELEGRAPH COMPANY *v.* HENLEY ET AL.

[No. 19,632.    Filed May 28, 1901.]

TELEGRAPH COMPANIES.—*Failure to Transmit Message.—Allegation as to Payment of Charges.*—Where in an action against a telegraph company for damages for failure to transmit a message plaintiff alleged that it had an arrangement and agreement with defendant whereby defendant undertook to transmit plaintiff's message, as paid, by charging the usual rate to plaintiff's account, which plaintiff paid at the end of each month, it was not necessary to allege that the account had been paid before the action was commenced. *pp. 91, 92.*

SAME.—*Failure to Transmit Message.—Revenue Stamp.—Pleading.*—A complaint against a telegraph company for failure to transmit a message is not bad for failing to allege that a revenue stamp was attached to the message and canceled in accordance with the revenue law, where it was alleged that defendant accepted the message and undertook to deliver it, since such defense need not be anticipated in the complaint.    *pp. 92, 93.*

SAME.—*Failure to Transmit Message.—Nature of Telegram.—Damages.*—A telegraph message "Is stonework on building finished? Wire answer to-day. Henley Stone Company", sufficiently informed the telegraph company of the nature of the information desired to sustain a judgment against the telegraph company for the expense of sending a messenger to obtain the information requested by the telegram.    *p. 93.*

SAME.—*Failure to Transmit Message.—Stipulation as to Repetition of Message.*—A stipulation on a telegraph blank to the effect that the company should not be liable for mistakes, delay or nondelivery of an unrepeated message beyond the amount received for transmission is unavailable as a defense to an action for failure to transmit, where the repetition would not have prevented the default complained of.    *pp. 93, 94.*

From Monroe Circuit Court; *W. H. Martin,* Judge.

Action by Henry Henley and others against the Western Union Telegraph Company for failure to transmit message. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*S. N. Chambers, S. O. Pickens, C. W. Moores, G. H. Fearons, T. J. Louden* and *J. H. Louden,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellees.

Baker, J.—Appellees, partners under the name of the Henley Stone Company, gave to appellant's agent at Bloomington, Indiana, the following message for transmission to V. N. May at South Bend, Indiana: "Is stonework on building finished? Wire answer to-day. Henley Stone Company." Appellees recovered judgment for $100 penalty under §§5511, 5512 Burns 1894, §§4176, 4176a Horner 1897. Under an additional paragraph of complaint, they also had judgment for $20 actual damages for expenses in sending one of the members of the firm to South Bend to see about the completion of the stonework on the building. The errors assigned challenge the correctness of the rulings on demurrers to the complaint and answers, on appellant's motion for judgment on the jury's answers to interrogatories notwithstanding the general verdict, and on the motion for a new trial.

The same points are presented in regard to the constitutionality and construction of the penalty statute that were decided adversely to appellant in *Western Union Tel. Co. v. Ferguson, ante.,* 37.

The complaint avers that appellees had an arrangement and agreement with appellant whereby appellant undertook to transmit appellees' messages as paid by charging the usual rate to appellees' account which appellees paid at the end of each month; and that, under this arrangement, appellant received and undertook to transmit the message in question, and charged the usual rate to appellees' account. Section

5511 requires appellant to receive and transmit messages "upon the usual terms". The complaint shows that the usual terms were complied with so far as rates were concerned. Appellant had the right to exact cash in advance,—and also the right to waive it. If appellant elected to accept business on credit, there arose the same duties that follow cash payment. There was no occasion for appellees to allege that the account had been paid before the action was commenced. If they had paid the amount, they could have recovered it in this action. And if appellant had earned the money under the contract, appellant would have had a valid cause of action against appellees,—just what was contracted for.

The complaint is said to be insufficient because it fails to allege that a revenue stamp was attached to the message and canceled. Section 7 of the revenue law of 1898 makes it the duty of the sender of a telegraphic message to attach and cancel a revenue stamp, under penalty of a fine of not more than $100. Section 18 forbids telegraph companies to send a message to which no stamp is attached, under penalty of a fine of not more than $10. The complaint avers that appellees tendered the message to appellant for transmission, and that appellant accepted the message and undertook to deliver it and did transmit it to its agent at South Bend, where the default occurred. In an action on a debt, plaintiff need not aver that the debt was not contracted on Sunday, that it did not arise from gambling, or from the sale of the plaintiff's vote, or the like. Nor should it be necessary for appellees to plead not guilty until they are charged with a violation of the penal laws of the United States. The averment that appellant accepted the message for transmission was a sufficient statement that the message was proper to be accepted. And if appellant had answered that the message when accepted was not duly stamped (waiving the sufficiency of such an answer), appellees might have fully replied that appellant agreed for pay to attach and cancel the stamp for ap-

pellees. It was not incumbent upon appellees to anticipate such a defense. *Smith* v. *Hunter,* 33 Ind. 106; *Wallace* v. *Cravens,* 34 Ind. 534; *Prather* v. *Zulauf,* 38 Ind. 155; *Campbell* v. *Wilcox,* 10 Wall. 421, 19 L. Ed. 973; *Miller* v. *Henderson,* 24 Ark. 344; *Hallock* v. *Jaudin,* 34 Cal. 167; *Grand* v. *Cox,* 24 La. Ann. 462; *Trull* v. *Moulton,* 12 Allen (Mass.) 396; *Cabbott* v. *Radford,* 17 Minn. 320; *Hale* v. *Wilkinson,* 21 Gratt. (Va.) 75; *Jones* v. *Davis,* 22 Wis. 421. The holding in *Kirk* v. *Western Union Tel. Co.,* 90 Fed. 809, that the sender of a message must allege in his complaint that he attached and canceled a revenue stamp, does not commend itself to us as a correct rule of pleading.

Against the sufficiency of the paragraph of complaint for actual damages, it is pointed out that no averment is made that appellant was informed of the purpose and importance of the message otherwise than by its contents. The message read: "Is stonework on building finished? Wire answer to-day. Henley Stone Company." The damages alleged were the expenses of a trip to South Bend to get the information asked for in the telegram. The message informed appellant that appellees were engaged in the stone business, that they were interested in the progress of the stonework on a building in South Bend, and that they desired immediate information on the state of the work. It is unnecessary to consider what damages appellant might have been liable for if appellees had failed to get the information. Appellees saved appellant that question by getting the information through other sources. The cost thereof was a damage that resulted naturally from appellant's default and was of a nature to be foreseen as a probable consequence of appellant's failure to act as a means of communication. Croswell on Law of Electricity §§617, 618; Thompson on Law of Electricity §§310, 366-368.

The second paragraph of answer set out a stipulation in the contract on the telegraph blank to the effect that appellant should not be liable for mistakes, delay or non-delivery

of an unrepeated message beyond the amount received for transmission. If the limitation is of any worth whatever, it will afford no protection if the repetition of the message would have been unavailing to prevent the default complained of. Thompson on Law of Electricity §228 *et seq.* The message in this case was never delivered by the receiving agent. How could this have been prevented by paying appellant to have the receiving agent repeat the message to the transmitting agent? The demurrer was properly sustained.

The fourth and fifth answers count on the rules of the company which require prepayment. These answers were no defense to the complaint, which alleged a waiver of the rules.

In the sixth answer appellant averred that it had no notice of the purpose and importance of the message other than was furnished by its contents. The face of the message was enough.

The assignments on the motion for judgment on the jury's answers to interrogatories, and on the motion for a new trial, only present again the questions that have been decided in relation to the pleadings.

Judgment affirmed.