Filed Jan. 30, 1889.

———◆———

No. 13,257.

## The Phœnix Insurance Company v. Rowe.

INSURANCE.—*Ownership of Property.*—*Pleading.*—An allegation in a complaint on an insurance policy that the plaintiff, from the date of the risk until the destruction of the property by fire, "had an insurable interest as the owner thereof to its full value," is a sufficient averment of ownership.

The Phœnix Insurance Company *v.* Rowe.

SAME.—*Abstract of Title.*—A plaintiff, in an action upon an insurance policy, can not be required to furnish an abstract of his title, in pursuance of section 363, R. S. 1881.

SAME.—*Execution of Policy.*—*Failure to Deny Under Oath.*—*Interrogatories to Jury.*—A failure to deny the execution of the policy, which is properly set out as the foundation of the action, by a pleading under oath, is so far an admission of its execution as to preclude further controversy on that subject, and interrogatories to the jury upon the subject of its delivery are irrelevant, and answers thereto can not overthrow the general verdict.

From the Posey Circuit Court.

*W. P. Edson* and *F. D. Wimmer,* for appellant.

*E. M. Spencer, A. P. Hovey* and *G. V. Menzies,* for appellee.

MITCHELL, J.—This was an action by Rowe against the insurance company, to recover on a policy of fire insurance alleged to have been executed on the 26th day of September, 1884, covering a dwelling house and certain personal property therein, in which, it is alleged, the plaintiff, from the date of the risk until its destruction by fire, on April 4th, 1885, had an insurable interest as the owner thereof to its full value.

There was a second paragraph of complaint which counted upon a parol contract of insurance, but it is not material that this paragraph should be noticed further.

It is contended that the ownership of the property is not sufficiently alleged in the complaint, especially, because there is a stipulation in the policy, a copy of which is set out as an exhibit, to the effect, that if the " insured shall not be the sole and unconditional owner in fee of said property, * * then this policy shall be void."

There is no merit in the objection. One who has an insurable interest in property as owner to the full extent of its value, is presumably the sole and unconditional owner. A general averment that the plaintiff, at the inception of the policy and at the time of the loss, was the owner of the property destroyed, is sufficient to admit evidence of any in-

terest he may have had, without further averment.    *Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315.

There was no error, prejudicial to the substantial rights of the appellant, in the ruling of the court in overruling the motion to make the averments in the complaint more specific in respect to the ownership of the property.   We can conceive of no good reason why a plaintiff in such a case should be required to set out his title or interest in the property destroyed, specifically and with great particularity, nor do we see any reason why he should be required to furnish an abstract of his title, in pursuance of the provisions of section 363, R. S. 1881, as was insisted upon by a motion for that purpose in the present case.    While the granting or refusing of such motions is not a matter wholly within the discretion of the *nisi prius* courts, it is nevertheless so far discretionary that a reversal would not follow, except in a case where it appeared that the rights of the party complaining may have suffered.    This is not such a case.

Upon issues duly made the case was tried by a jury, who returned a general verdict for the plaintiff, with answers to special interrogatories.

The appellant contends that the answers to the special interrogatories are so inconsistent with the general verdict that no judgment could properly be rendered thereon for the plaintiff.    The case is argued as though the execution of the policy declared on in the first paragraph of the complaint had been put in issue by the pleadings, and so it is contended that the answers to the interrogatories show that the policy sued on had never been delivered to the plaintiff, or, if delivered, that the agent had, as the plaintiff well knew, no authority to do so without first demanding payment of the premium, the premium not having been paid until after the loss.

It must be remembered, however, that the first paragraph of the complaint counts upon an executed policy of insurance, a copy of which is exhibited with the complaint.

There is no answer putting the execution of the policy in issue. There is a general denial and numerous pleas in confession and avoidance. All of these answers proceed upon the theory that the policy was duly executed—which, of course, includes the delivery to the plaintiff—as charged in the complaint, but, with the exception of the general denial, present or assume to present some affirmative defence in avoidance of the policy so executed.

All the interrogatories and the answers returned by the jury, relating to the execution of the policy or the authority of the agent to deliver policies without requiring prepayment of the premium, were, therefore, irrelevant to any issue in the case. It should be stated that there was no answer involving any question of fraud or collusion between the plaintiff and the agent of the insurance company in obtaining possession of the policy.

A failure to deny the execution of an instrument, which is properly set out as the foundation of the action, by a pleading under oath, has been held to be so far an admission of its execution as to preclude further controversy on that subject. "The defendant ought to know better than anybody else whether he executed the note in suit or not, and if he will not deny it under oath, by a general or special *non est factum*, there is no hardship in holding the execution admitted." *Evans* v. *Southern Turnpike Co.*, 18 Ind. 101. *Home Ins. Co.* v. *Gilman*, 112 Ind. 7, 11 ; *Carver* v. *Carver*, 97 Ind. 497 ; *Woollen* v. *Whitacre*, 73 Ind. 198.

In this view of the case, there can be no serious question but that the answers to the special interrogatories and the general verdict are consistent with each other. It is true, the jury answer that the plaintiff never furnished any proofs of loss, but as the stipulation in the policy requiring notice and proof of loss may have been waived by the company, this answer can not be regarded as in conflict with the general verdict.

There are other questions in the record relating to rulings

of the court upon the admissibility of evidence, and involving certain instructions given and refused, but as on examination of the questions so presented, all relate in one way or another to the authority of the company's agent to deliver the policy, these questions are disposed of by the suggestion already made that the execution of the policy was not in issue.

The judgment is therefore affirmed, with costs.

Filed Jan. 31, 1889.