IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1905, IN THE
NINETIETH YEAR OF THE STATE.

## GODMAN *v.* HENBY.

[No. 5,504. Filed December 12, 1905.]

1. TRIAL.—*Bills and Notes.*—*Burden of Proof.*—*Non est Factum.*
   —Where defendant pleads *non est factum* to an action on a
   promissory note, the burden of proof as to the execution of such
   note remains at all times upon the plaintiff. p. 2.

2. BILLS AND NOTES.—*Execution.*—The execution of a note in-
   cludes a signing of such note and a delivery to the payee with
   intent to transfer title and an acceptance by the payee with
   intent to receive title. p. 2.

3. SAME.—*Negotiable.*—*Innocent Holder.*—*Non est Factum.*—The
   defense of *non est factum* is available in favor of the maker
   of a note, negotiable as an inland bill of exchange, as against
   an innocent holder for value, before maturity. p. 3.

4. SAME.—*Delivery.*—*Evidence.*—Where the evidence shows that
   the maker of a negotiable note signed such note and acknowl-
   edged the execution of a chattel mortgage securing same before
   a notary; that she returned to her home and locked same in her
   drawer; that the payee, without her knowledge or consent,
   unlocked such drawer and took same and refused upon her
   demand to return same, no delivery is shown. p. 3.

From Madison Circuit Court; *John F. McClure,* Judge.

Suit by Elijah A. Henby against Georgie A. Godman.
From a decree for plaintiff, defendant appeals. *Reversed.*
*Ed. F. Daily,* for appellant.

BLACK, P. J.—The appellee sued the appellant upon a
promissory note governed by the law merchant, alleged to

have been made by the appellant to John W. Card, and by him indorsed in writing on the back thereof before maturity, for a valuable consideration, to the appellee, and to foreclose a chattel mortgage given to secure the payment of the note. The appellant answered by a general denial and filed a sworn answer denying the execution by her of the note and mortgage.

The question whether the findings in favor of the appellee were sustained by sufficient evidence is presented here, and it is contended on behalf of the appellant that the evidence does not show the delivery of the note and mortgage by the appellant to the payee and mortgagee.

The execution of the note and mortgage having been denied under oath, the burden of proving the execution thereof was upon the appellee throughout the trial.

1.   Carver v. Carver (1884), 97 Ind. 497, 511; Wines v. State Bank (1899), 22 Ind. App. 114; §367 Burns 1901, §364 R. S. 1881.

It was proved without conflict that the appellant signed the note and mortgage and acknowledged the execution of the mortgage before a notary public, and that it was recorded, though there was conflict in the evidence as to when and where and in whose presence they were signed.

The execution included both signing and delivery, and the burden was on the appellee to prove delivery; that is, the purposed transfer of the possession of the note

2.   and mortgage by the appellant to the payee and mortgagee with intent on the part of the appellant to transfer the title thereto, and the acceptance of the note and mortgage by the payee and mortgagee with intent to receive the title thereto. This is familiar elementary law. Ketcham v. New Albany, etc., R. Co. (1856), 7 Ind. 391; Prather v. Zulauf (1871), 38 Ind. 155; Cline v. Guthrie (1873), 42 Ind. 227, 13 Am. Rep. 357; City of Evansville v. Morris (1882), 87 Ind. 269, 44 Am. Rep. 763; Ricketts v. Harvey (1881), 78 Ind. 152; Nicholson v. Combs (1883),

90 Ind. 515, 46 Am. Rep. 229; *Elliott* v. *Champ* (1883), 91 Ind. 398; *Stringer* v. *Adams* (1884), 98 Ind. 539.

It is settled as the law in this State that in an action upon a promissory note payable at a bank in this State, and therefore negotiable according to the law merchant, brought by a *bona fide* holder, to whom it was indorsed for value before maturity, against the maker, the execution of the note by the defendant may be thus put in issue, and in such case there can be no recovery by the plaintiff without sufficient evidence of the delivery of the note by the maker, the want of the delivery rendering the note void in its inception. See *Cline* v. *Guthrie, supra; Palmer* v. *Poor* (1889), 121 Ind. 135, 139, 6 L. R. A. 469. See, also, *Lindley* v. *Hofman* (1899), 22 Ind. App. 237.

The evidence was such that if the action were one brought by the payee against the maker, it would sustain a finding that at the date of the note and mortgage the maker was indebted to the payee in the amount stated therein for borrowed money. It would also, if the action were one brought by the payee, be sufficient to sustain a finding that the maker has a valid set-off for the amount of the note or more, for boarding. There was evidence tending to prove that the appellee was a *bona fide* holder for value, the note and mortgage having been indorsed to him by the payee the day before maturity. There was evidence to the effect that the payee wrote the note and mortgage at the appellant's home, and afterward the appellant took them to the office of her attorney and there acknowledged the execution of the mortgage before a notary public, the attorney being absent; that she took the papers back to her home, and refused to deliver them to the payee until she should thereafter consult her said attorney on his return; that she thereupon placed the papers in a drawer of her desk and locked the drawer, of which the payee did not have a key; that they were taken from this drawer without her knowledge or consent by the payee, and she, having discovered their absence from the drawer, spoke of

the matter to the payee, who admitted that he had taken them; that the appellant demanded the return of the papers to her, and the payee promised to return them, but did not do so. There does not appear to have been any evidence in contradiction of this evidence as to the manner in which the papers came into the possession of the payee. It may be true that the unexplained possession of the note by the appellee and the acknowledgment and recording of the mortgage would constitute *prima facie* evidence of their delivery; but such possession and acknowledgment and recording were all consistent with the facts affirmatively in evidence showing the manner in which the possession of the papers changed from the appellant to the payee. A letter written by the appellant to the payee was introduced, in which she stated her inability to pay the note, and requested him to purchase back the note, and said she did not wish him to lose that money, and did not intend that he should do so, and offered to give him a new note, and in effect promised to pay him, but there was nothing in the letter contradictory to her testimony above stated, as to the manner in which the payee had obtained the papers. The suit was upon the written instruments, and the burden, as already stated, was upon the appellee. We have each read the entire evidence carefully, and have been unable to find any sufficient evidence of delivery. See *Hatton* v. *Jones* (1881), 78 Ind. 466; *Stokes* v. *Anderson* (1889), 118 Ind. 533, 4 L. R. A. 313; *Purviance* v. *Jones* (1889), 120 Ind. 162, 16 Am. St. 319.

Judgment reversed. Cause remanded for a new trial.