## COMMERCIAL LIFE INSURANCE COMPANY v. McGINNIS.

[No. 7,529.   Filed March 28, 1912.   Rehearing denied June 7, 1912.]

1. INSURANCE.— Life Insurance.— Complaint.— Exhibit.—Application Referred to in Policy.—A complaint to recover on a policy of life insurance, where the application is made a part of the policy by reference, is not insufficient for the reason that such application is not made a part of the complaint.   p. 631.

2. INSURANCE.—Life Insurance.—Rebate.—Knowledge of Agent.— Knowledge on the part of an authorized agent of a life insurance company that he was giving to the insured a rebate on his first premium, is binding notice on the company.   p. 632.

3. INSURANCE.—Life Insurance.—Rebates.—Validity of Policy.— Where an authorized life insurance agent rebated the insured's first premium and delivered the policy as if the premium had been paid in full, there being at the time no law against rebating, the company cannot take advantage of such rebating to defeat the contract.   p. 632.

4. INSURANCE.—Life Insurance.—Execution of Contract.—Failure to Deny Under Oath.—In an action on a life policy, the execution of the contract must be taken as admitted, where defendant fails to deny its execution under oath.   p. 633.

5. INSURANCE.—Life Insurance.—Incontestable Clause.—Where a life policy contained a clause making it incontestable after one year from date of issue, except for certain specific causes, the insurer cannot after the expiration of such time avoid the policy for causes not included within the exception.   p. 633.

From Superior Court of Vanderburgh County; *Alexander Gilchrist*, Judge.

Action by Emily S. McGinnis against the Commercial Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Robinson & Stilwell, Pickens, Cox & Conder,* for appellant.

*Morton C. Embree, Harvey Harmon* and *Lucius C. Embree,* for appellee.

MYERS, J.—On January 2, 1908, appellant issued a policy on the life of John R. McGinnis, with Emily S. McGinnis, his wife, as beneficiary, who brought this action to enforce its payment.

A demurrer for want of facts, to the complaint in one paragraph, alleging facts usual in such cases, was overruled, and this ruling is assigned as error.

The insured's application, which is made a part of the policy by reference, is not made a part of the complaint, and for this reason only the pleading is claimed to

1. be defective. Appellant, in support of this contention, insists that the rule of pleading in this State in this respect should no longer be followed. Appellant's argument is persuasive, but we are not convinced that the rule so well settled should be overruled. *Federal Life Ins. Co.* v. *Kerr* (1910), 173 Ind. 613, 89 N. E. 398, 91 N. E. 230; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379, 72 N. E. 132; *Bird* v. *St. John's Episcopal Church* (1900), 154 Ind. 138, 56 N. E. 129; *Mutual Reserve Life Ins. Co.* v. *Ross* (1908), 42 Ind. App. 621, 86 N. E. 506.

The overruling of appellant's motion for a new trial is assigned as error. Under this assignment the only questions presented by appellant's brief are, that the verdict is not sustained by sufficient evidence, and that it is contrary to law.

In support of these causes for a new trial, appellant insists that the policy was never in force, for the reason that by its terms it did not go into effect unless the first premium was actually paid during the lifetime and good health of the insured.

There is such a provision in the policy, as claimed by ap-

pellant, but in connection therewith is the further provision, that the premium may be paid to an authorized agent of the company in exchange for a receipt signed by the president or secretary, and countersigned by the agent.

From the condensed recital of the evidence in appellant's brief, it is difficult to determine what the evidence is on this subject, but as we understand it, the record shows

2. that on December 31, 1907, the insured, at the solicitation of N. R. Greene, appellant's authorized agent, made application for the policy sued on, and which was issued on January 2, 1908. The first premium was $57.52, and at the time the insured made said application said agent delivered to him a receipt for $57.52, signed by appellant's secretary and "countersigned by N. R. Greene, agent." There is evidence tending to show that the insured paid only $5 on account of the first premium, and appellant claims that it did not know the full premium was not paid until more than seven months after it issued the policy. Then, August 19, it tendered to the insured the money so paid by him, and demanded a return of the policy which had been unconditionally delivered to him. The tender so made and appellant's demand were refused. Appellant insists that the evidence shows that this is an "aggravated case of rebating", and a fraud on all other policy holders.

At the time the insured made his application and the policy in suit was issued, there was no law against rebating, and from all the evidence bearing on the amount of money paid by the insured on account of the first premium, we are inclined to the opinion that the jury was authorized to infer that if less than the full amount of the first premium was paid, it was with the knowledge and consent of appellant. In any event, under the facts in this case, knowledge of the agent was notice to appellant. *Metropolitan Life Ins. Co. v. Willis* (1906), 37 Ind. App. 48, 75 N. E. 560. This

3. may be a case of rebating, as claimed, but if so, appellant will not be allowed to take advantage of its own

conduct to defeat a contract in this respect fairly entered into. The execution of the contract sued on must be taken as admitted, by a failure to deny it under oath. §370 Burns 1908, §364 R. S. 1881; *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 20 N. E. 122.

In the case of *Penn Mut. Life Ins. Co.* v. *Norcross, supra,* it is said on page 386: "There being no effectual denial of the fact of delivery, the question arises whether the pleading of a breach in the conditions contained in the application and in the policy prevented the latter from having any inception. It is obvious that, no matter how resolutely a party declares beforehand that he will not be bound except by a contract of a specified character, yet, if he afterwards makes a contract in disregard of his declaration, his prior provision will avail him nothing. * * * The provisions of a formal contractual writing, which a corporation has caused to be signed and placed in the hands of an agent for delivery, may be waived by the act of the agent himself, if he have sufficient power in the premises, or it may be the result of silence upon the part of the officers of the corporation after it had constructive knowledge of its agent's act in delivering the contract, at least where resolute good faith required a timely disaffirmance of his act."

It is further insisted that the evidence shows that the insured procured the policy through false representations as to his health and physical condition, also that the trial court erroneously excluded certain evidence offered by appellant tending to prove that certain representations in the insured's application were false.

The policy by its terms was incontestable after one year from the date of its issue, providing the premiums were duly paid, except for certain specific causes, none of which is relied on to defeat this action. The insured died January 16, 1909. This action was commenced February 8, 1909. Prior to that time appellant made no claim of fraud in the procurement of said insurance. The incon-

testable clause amounted to something more than a mere matter of form. As said in the case of *Clement* v. *New York Life Ins. Co.* (1898), 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. 650: "The practical and intended effect of the stipulation is to create a short statute of limitation in favor of the insured, within which limited period the insurer must, if ever, test the validity of the policy. It has been held that an agreement limiting the time within which an action may be brought upon a policy of insurance by the beneficiary, is not against public policy, and may be enforced, though less than the usual time imposed by law has been fixed. If this be so, it is difficult to see why a similar limitation upon the right of the insurer to contest should be against public policy, and why it should not be enforced by the courts."

By the clause in question, appellant took one year for the purpose of investigating and determining whether it would exercise its right to repudiate and rescind its contract, on the ground it is now interposing as a defense. If it had exercised any diligence, and the insured's physical condition was that now claimed by appellant, it might easily have discovered such condition within the time reserved by it for that purpose. If it failed to exercise vigilance in this respect, it must be treated as having waived its right to deny liability on such ground. *Kline* v. *National Benefit Assn.* (1887), 111 Ind. 462, 11 N. E. 620, 60 Am. Rep. 703; *Court of Honor* v. *Hutchens* (1909), 43 Ind. App. 321, 82 N. E. 89; *Reagan* v. *Union Mut. Life Ins. Co.* (1905), 189 Mass. 555, 76 N. E. 217, 2 L. R. A. (N. S.) 821, 109 Am. St. 659, 4 Ann. Cas. 362; *Clement* v. *New York Life Ins. Co., supra.*

Judgment affirmed.

Note.—Reported in 97 N. E. 1018. See, also, under (1) 25 Cyc. 917; (2) 25 Cyc. 863; (3) 25 Cyc. 726; (4) 31 Cyc. 532; (5) 25 Cyc. 873. As to the general rule that notice to the agent is notice to the principal. See 24 Am. St. 228.