## ISGRIG v. FRANKLIN NATIONAL BANK.

[No. 7,845.  Filed April 2, 1913.]

1.  JUDGES.—*Judge Pro Tem.*—*Appointment.*—*Validity.*—*Failure to Sign Order of Appointment.*—The failure of the qualified and acting judge of a court to sign the order appointing a judge *pro tem* does not render such appointment a nullity.  p. 219.
2.  APPEAL.—*Waiver of Error.*—*Briefs:*—An assignment of error that the complaint does not state facts sufficient to constitute a cause of action is waived by appellant's failure to discuss it in the briefs.  p. 219.

3. BILLS AND NOTES.—*Actions.*—*Answer.*—*Non Est Factum.*—In an action on a promissory note executed in the name of a partnership, an answer by one of the partners alleging that the note was not executed by him or by any one in his behalf and that it was not executed for any debt owing by him or the partnership, that it was executed, if at all, by the other partner for matters entirely outside the partnership business, that such other partner had no authority to execute it in the name of the partnership, that such execution had not been ratified by defendant or the partnership, and that no part of the consideration or proceeds was ever received by defendant or by the partnership, would, if verified, have constituted a sufficient answer of *non est factum.* p. 220.

4. PLEADING.—*Answer of Non Est Factum.*—*Failure to Verify.*—*Effect.*—A plea of *non est factum,* unverified, is equivalent to a general denial and nothing more. p. 220.

5. PLEADING.—*Answer of Non Est Factum.*—*Verification.*—*Waiver.*—The objection that a plea of *non est factum* is not verified cannot be waived, since the code contemplates that the effect of failing to deny the execution of the instrument under oath is to preclude defendant from controverting its execution on the trial. p. 220.

6. BILLS AND NOTES. — *Action.* — *Issues.* — *Directing Verdict.* — Where defendant in an action on a promissory note, filed an unverified answer alleging facts which, if verified, would have constituted a good plea of *non est factum,* and on the trial introduced evidence tending to prove the allegations of such answer, the court did not err in disregarding such evidence and directing a verdict for plaintiff who had made a *prima facie* case, since such answer tendered no issue in relation to the execution of the note, and evidence in its support might properly have been excluded, when offered, as not being within the issues. p. 221.

7. BILLS AND NOTES.—*Actions.*—*Failure to File Verified Denial of Execution.*—*Effect.*—Failure to file a general denial or special denial under oath amounts to an admission of the execution of the instrument sued on. p. 221.

8. BILLS AND NOTES.—*Consideration.*—*Satisfaction of Debt of Another.*—The note of a partnership given to a bank in payment of the personal note of one of the partners, was not without consideration, since it is not necessary that the consideration should pass from the payee of a note to the maker. p. 222.

9. APPEAL.—*Review.*—*Harmless Error.*—*Misconduct of Counsel.*—Alleged misconduct of counsel was harmless to appellant, where it is apparent that in any event, no different result could have been reached under the issues and the evidence. p. 222.

From Superior Court of Marion County (80229) ; *Charles J. Orbison,* Judge *Pro Tem.*

Action by the Franklin National Bank against Harry Isgrig and another. From a judgment for plaintiff, the defendant, Harry Isgrig, appeals. *Affirmed.*

*Newton J. McGuire* and *Herbert A. Luckey,* for appellant.
*William P. Herrod,* for appellee.

LAIRY, J.—Appellee brought this action in the Marion Superior Court against appellants upon a promissory note alleged to have been executed by the firm of Graham and Isgrig. The issues were tried by a jury, which under the instruction of the court returned a verdict in favor of the plaintiff. The defendant, Harry Isgrig, filed a motion for a new trial, which motion was overruled and judgment rendered on the verdict. The errors properly assigned are as follows: (1) The trial court had no jurisdiction to try the cause or to pronounce the judgment appealed from; (3) the complaint does not state facts sufficient to constitute a cause of action; (5) the court erred in overruling appellant's motion for a new trial.

1. The first question presented by the assignment of errors is based upon the contention of appellant that the appointment of Judge Orbison as judge *pro tem* was a nullity for the reason that the order of appointment was not signed by Judge Bartholomew, the qualified and acting judge of the court in which the case was tried. This question has been recently discussed by this court and decided adversely to the contention of appellant. *Jordan v. Indianapolis Coal Co.* (1913), 52 Ind. App. 542, 100 N. E. 880.

2. Appellant has waived his third assignment of error by failing to discuss it in his brief. An intelligent discussion of the fifth assignment of error requires a consideration of the issues formed by the pleadings. The complaint was based upon a promissory note which is set out as an exhibit. Appellant filed an answer in

two paragraphs, the first of which was a general denial. The second paragraph alleged, in substance, that the note in suit was not executed by Isgrig or by anyone in his behalf, and that it was not executed for any debt owing from the defendant Isgrig or from the firm of Graham and Isgrig, or for any debt which said defendant or said firm had assumed or agreed to pay. The answer further avers facts showing that the note in suit was executed, if at all, by Herbert Graham, for matters entirely outside of the partnership business and not within the scope of the partnership affairs, and that Graham had no authority to execute it in the name of the partnership; that neither Isgrig nor the partnership has at any time ratified the act of Graham in executing the note, and that no part of the consideration or proceeds of such note was ever received either by the defendant Isgrig or by the firm of Graham and Isgrig.

This pleading if verified would constitute a sufficient answer of *non est factum*. If so verified its effect would have been to deny the execution of the note either by the defendant Isgrig, or by the partnership of which he was a member. This answer, however, was not sworn to, and it has been frequently held that a plea of *non est factum* unverified, is equivalent to a general denial and nothing more. *Hill* v. *Jones* (1860), 14 Ind. 389; *Newby* v. *Rogers* (1876), 54 Ind. 193; *Ralston* v. *Moore* (1886), 105 Ind. 243, 4 N. E. 673; *Cincinnati, etc., Co.* v. *Chenoweth* (1899), 22 Ind. App. 685, 54 N. E. 403.

"There can be no waiver of the objection that such an answer is not verified by failing to move to strike it out, for the code contemplates that the effect of failing to deny the execution of the instrument under oath is to preclude the defendant from giving evidence on the trial for the purpose of drawing the execution of the instrument into controversy." *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379, 385, 72 N. E. 132. Under the issues

thus formed the plaintiff introduced the note in evidence and introduced testimony tending to show that a reasonable attorney's fee for collecting the note was from $80 to $100. The defendant Isgrig then introduced evidence tending to prove the allegations of his answer. Numerous objections were interposed to the evidence so introduced, and the court in ruling upon the objections stated that under the pleadings the execution of the note was not in issue and that the evidence offered could not be considered as tending to prove that the note was not executed or that the firm name was signed without authority. The defendant did not ask to be allowed to amend his answer by swearing to the same, and, at the conclusion of the evidence, the court on motion of the plaintiff directed the jury to return a verdict in favor of the plaintiff for the principal and interest of the note and for such an amount as it found to be a reasonable attorney's fee. The evidence introduced by plaintiff made a *prima facie* case in its favor. Unless there was some evidence introduced by the defendant tending to rebut the *prima facie* case thus made, or tending to establish an affirmative defense, the court committed no error in directing a verdict for the plaintiff. As the answer was not verified, no issue in relation to the execution of the note was presented. Evidence tending to prove that the note was not that of the partnership might have been properly excluded as not being within the issues, and evidence admitted, having a tendency to prove such fact, was properly disregarded by the court in directing a verdict in favor of the plaintiff.

In the case of *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 205, 20 N. E. 122; Mitchell, J., said, "A failure to deny the execution of an instrument, which is properly set out as the foundation of the action, by a pleading under oath, has been held to be so far an admission of its execution as to preclude further controversy on that subject." The effect of the decision seems to be, that the

failure of a defendant to file a general or special denial under oath, amounts to an admission of the execution of the instrument upon which the action is based. *Evans* v. *Southern Turnpike Co.* (1862), 18 Ind. 101; *Home Ins. Co.* v. *Gilman* (1887), 112 Ind. 7, 13 N. E. 118.

Appellant contends that the evidence introduced tended to show that there was no consideration for the execution of the note in suit, and that such evidence was admissible under the averments of the answer. We can not agree with this contention. The evidence shows without dispute that the note was given to the bank in payment of a note of like amount held by it which had been previously executed by James W. Graham and that this note was at the time cancelled and surrendered. It is not necessary that the consideration should pass from the payee of a note to the maker. *Holm* v. *Sandberg* (1884), 52 Minn. 427, 21 N. W. 416; *Thompson* v. *Gray* (1874), 63 Me. 228; *Seymour* v. *Prescott* (1879), 69 Me. 376.

Misconduct on the part of counsel for plaintiff was also assigned as a cause for a new trial. In view of the fact that no different result could have been reached under the issues and the evidence, we are unable to see how appellant could have been harmed by the conduct of which he complains. The court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported on 101 N. E. 398. See, also, under (1) 23 Cyc. 604; (2) 2 Cyc. 1014; 3 Cyc. 388; (3) 8 Cyc. 154, 158; (4) 31 Cyc. 533; (5) 31 Cyc. 732; (6) 38 Cyc. 1565, 1574; (7) 8 Cyc. 186; (8) 7 Cyc. 701; (9) 38 Cyc. 1509.