# MAJESTIC LIFE ASSURANCE COMPANY *v.* WINFIELD.

### [No. 8,460. Filed March 26, 1915.]

1. INSURANCE.—*Action to Recover Surrender Value.—Evidence.— Sufficiency.—Payment of Premiums.*—In an action to recover the surrender value of a life insurance policy payable after payment of three full years' premiums, where the evidence showed that at a time when rebating was not prohibited by law, plaintiff purchased a $5,000 policy for which he paid less than the stipulated premium for the first year, and at the end of the year surrendered it for a $2,000 policy bearing the same date as the policy which was surrendered, and that on paying the stipulated premium on the latter policy for the year in which it was actually issued the company delivered a receipt for the premium for that year, as well as a receipt for the year the policy was antedated, and that the premium for the following year was duly paid and a receipt therefor issued, the defendant can not be heard to say at the end of three years from the date of the latter policy that it delivered the policy upon the payment of a less sum than the full premium for the first year, notwithstanding the fact that rebating had been made unlawful at the time it was actually delivered, and the evidence will be deemed sufficient to support a finding for the plaintiff. p. 405.

2. INSURANCE.—*Action for Surrender Value.—Sufficiency of Demand.*—Where a policy of insurance provided for a cash surrender value after payment of three full years' premiums, a tender of the policy to the company properly endorsed and receipted, with a demand for the fixed surrender value, within the time allowed by the policy, was sufficient, as the insured was not required to turn the policy over until he had received payment. p. 409.

3. INSURANCE.—*Action for Surrender Value.—Waiver of Demand.* —The refusal of defendant insurance company to pay the cash surrender value of the policy on timely presentation of the policy and demand, was a waiver of any technical informality in the demand. p. 409.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by Charles W. Winfield against the Majestic Life Assurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank S. Roby, Ward H. Watson, Sol H. Esarey* and *Elias D. Salsbury,* for appellant.

*J. A. Swoveland,* for appellee.

SHEA, J.—Appellee brought this action against appellant to recover the alleged surrender value of a policy of life insurance issued by appellant to him. The complaint contains substantially the following allegations: That appellant is a corporation under the laws of Indiana and has an office in the city of Tipton, Tipton County, said State, in charge of its duly appointed and authorized agent; that on January 2, 1909, appellee bought from appellant a certain policy (made a part of the complaint by exhibit) by the terms of which it agreed to insure appellee for the sum of $2,000 and for which appellee agreed to pay and has paid the annual premiums stipulated therein; that appellee has complied with and fully performed all the conditions mentioned in said policy on his part, "including the payment of three full annual payments of premiums as provided in said policy"; that he gave appellant due notice as provided in said policy that he desired to surrender same, and that within the time stipulated, he presented the policy at the home office in Indianapolis, Indiana, properly receipted and demanded payment to him of the amount of the surrender value thereof, as provided in the policy, $120, which appellant refused; that there is due him on said policy the sum of $120, wherefore he demands judgment against appellant, etc.

The policy contains the following provisions as to the surrender value:

"Cash Surrender Value—After three full years' premiums have been paid, this policy may be surrendered

and the company will pay therefor the amount pro-
vided for in the table on the third page for the end of
the last year for which complete annual premiums have
been paid; provided this policy be legally surrendered
to the company within sixty days after the date to
which premiums have been paid. Table of Values:
This table will apply if this policy be free from in-
debtedness, but any existing indebtedness may be paid
in cash and the table will then apply; or if not so paid,
the loan and cash value will be reduced by the indebted-
ness and the amount of paid-up or extended term as-
surance will be reduced in the ratio of the indebted-
ness to the reserve on this policy.''

A demurrer to the complaint was overruled. Appellant
then answered: (1) By general denial. (2) By an affirma-
tive paragraph of answer averring execution and delivery
of the policy sued on (setting out appellee's written appli-
cation made a part of same); that appellee on March 9,
1910, paid appellant $68.40 less amount of coupon, $8.20 as
premium on said policy for the year ending January 2,
1911, and $68.40 as premium for the year ending January
2, 1912; that no other premiums have ever been paid (setting
out the provisions of the policy as to the cash surrender
value); that appellee had not paid three full years' premiums
but only two years' premiums, by reason whereof, said
policy has no cash surrender value. (3) By counterclaim
filed by appellant against appellee alleging that the policy
sued on was executed and delivered to appellee on or about
March 9, 1910, on his application of February 21, 1910, and
it was agreed that the policy should take effect as of Jan-
uary 2, 1909; that appellee was to pay appellant $68.40 for
the year ending January 2, 1910, which he never did, and
which still remains due and unpaid, and asking judgment for
$68.40, the amount of premium so agreed to be paid. (4)
By cross-complaint alleging that, on appellee's application
of December 16, 1908, appellant had issued and delivered to
him an ordinary life policy for $5,000 for which appellee

agreed to pay $121.25 as annual premium for the year beginning January 2, 1909, and ending January 2, 1910; that at the time of the delivery of the policy, appellant executed and delivered to appellee a receipt for $121.25; that appellee received and retained said policy and paid appellant $20 and has wholly neglected, failed and refused to pay the balance due on said premium for the year ending January 2, 1910, $101.25, for which amount judgment is asked. To the affirmative answer, counterclaim and cross-complaint, a general denial was filed, and on the issues thus formed the cause was tried. It is specifically found by the court, among other things, that appellee paid to appellant or its agents at or before the dates when the several payments became due, three full years' premiums of $68.40 each, less the amount of the coupons indicated for each payment so made. The court states the law to be that appellee ought to recover the sum of $120 and costs of suit, and judgment was rendered accordingly.

It is assigned that the court erred: (1) in overruling appellant's demurrer to the complaint; (2) in its conclusion of law stated upon the special finding of facts; (3) in overruling appellant's motion for a new trial.

The first question presented in argument is that the court erred in overruling the motion for a new trial for the alleged reason that the decision and finding of the court is 1. not sustained by the evidence and is contrary to law. The evidence discloses that appellee made application for a policy of insurance in appellant company on December 16, 1908, for the sum of $5,000. On January 2, 1909, he received from said company a policy in accordance with the terms of his application. Said policy continued in force for a period of one year. The policy contained a clause providing that upon failure to pay premium at the end of the first year, the policy should continue in force for a period of thirty days thereafter. During the said thirty-day period, appellee made application for a change

in the amount of his policy in accordance with the terms thereof. The policy contained the following provision:

"The policy may be exchanged, subject to the company's rules, without medical reëxamination for any other form of policy issued by the company, provided the amount of assurance shall not be greater or the rate of premium less than under this policy."

On March 9, 1910, the new policy was exchanged for the old. The new policy bore date of January 2, 1909. On the issuing of the $2,000 policy, appellee paid by cash, coupon and notes the amount of the premium due for the second year, $68.40. On January 2, 1911, appellee paid by check $68.40 for the third year's premium on said policy. At the end of said third year and within the time provided for in the policy, appellee presented his said policy and demanded the cash surrender value thereof, to wit, the sum of $120. The policy provides that the cash surrender value of the policy at the end of three years, three full premiums having been paid, shall be $120. It is very earnestly insisted by appellant that appellee failed to pay three full years' premiums as provided by the policy, and he is therefore not entitled to receive from the company the cash surrender value as stated. The only evidence on the subject of payment of premiums is the evidence of appellee as follows: That he received a letter from appellant March 3, 1910, signed by the secretary, which, omitting the formal parts reads as follows:

"We enclose herewith your policy No. 11213 reduced to $2,000 Twenty-payment Life, the premium on which is $68.40. We have cut Coupon No. 1 from the policy, in amount of $8.20 and applied same on the January 1910 premium, which leaves a balance due of $60.20. We enclose herewith three notes for $15.00 each payable in three, six and nine months respectively, which we will thank you to sign and return together with your check for $15.20 and immediately upon receipt of same we will mail to you our official premium receipts for 1909 and 1910 on the $2,000 policy."

Appellee held a receipt for $68.40, premium due January 2, 1909, on $2,000 twenty-payment policy No. 11,213 A countersigned March 9, 1910; a receipt for $68.40 premium due January 2, 1910, on said policy countersigned March 9, 1910; a receipt for $68.40 premium due January 2, 1911, countersigned January 18, 1911, on said policy. The first two receipts he claims to have received with the letter of March 3, 1910. Appellee testifies that he sent appellant a check for $15.20 and three notes for $15 each, due respectively in three, six and nine months, which were subsequently paid, and a coupon for $8.20 for the two receipts received in the letter of March 3; that he got credit for the coupon of $8.20 on the second year's premium; that for the premium due January 2, 1911, he sent a check for $68.40. Appellee also introduced in evidence a receipt countersigned January 7, 1909, for $125.25 "the first annual premium due on the 2nd day of January, 1909" on $5,000 policy, and testified that he did not pay the $121.25 called for therein; that he gave appellant a check for $15 or $20 and paid the examination fee; that he had two policies, the first an ordinary life policy for $5,000, the second the policy sued on, a $2,000 twenty-payment life policy. It is very earnestly insisted that this evidence shows that three full years' premiums were not paid upon the $2,000 policy; that there is a failure of proof for the reason that the policy requires three full payments of premiums. It is also insisted that the complaint charges that three full payments of premiums were made upon the policy in suit, and that therefore the evidence does not sustain the allegations of the complaint.

Appellant does not vouchsafe an explanation of the unusual circumstances of giving a receipt for a premium on the $2,000 policy which it claims had not been paid, neither is there an explanation of the reason for dating the policy back one year. At the time the policy was actually delivered, there was a statute in force prohibiting what is called therein "rebating" premiums. Acts 1909 p. 85, §4706f Burns

1914. At the time the $5,000 policy was issued and the date which the $2,000 policy bears, there was no such statute in force, and appellant company could, upon that date have accepted any amount it deemed proper in payment of the first premium, and delivered a receipt therefor. *Commercial Life Ins. Co.* v. *McGinnis* (1912), 50 Ind. App. 630, 97 N. E. 1018; *Metropolitan Life Ins. Co.* v. *Willis* (1906), 37 Ind. App. 48, 76 N. E. 560.

The evidence is not clear as to what amount was paid for the $5,000 policy. It is fair to presume that a sufficient amount was paid, or the company would not have delivered to appellee the policy and a receipt for the payment thereof. If the death of appellee had occurred during that period, in so far as the facts in this case disclose, appellant would have been liable for the full amount of $5,000. We must presume therefore, that the amount paid was sufficient to warrant the company in issuing said policy and said receipt. We must also presume that there was a sufficient inducement offered to appellant company for the exchange of the $5,000 policy for the policy in suit, and since the parties at that time dated the policy in suit January 2, 1909, we must presume further that they received a sufficient consideration for so doing; that the contract relates to the date of the policy, and any inducement in the way of rebates given to appellee, if any were given, relate to said date when such practices were not prohibited by law. We do not think that appellant company can, after three years have elapsed, and it has received from appellee all sums required by it to be paid, and delivered to him three valid receipts therefor, showing full payment, now urge the defense that it delivered the policy to appellee upon payment of a less sum that the full premium for the first year. In the paragraphs of answer and counterclaim pleaded, it is alleged substantially that the policy was delivered upon the payment of a less sum than the amount shown in the receipt to have been paid, with an agreement on the part of

appellee that he was to pay the remainder, but there is absolutely no proof that appellee agreed to pay any other or additional amount for the three premiums covering the period of time which said policy ran. We think the evidence was sufficient to warrant the court's finding, and that the conclusion of law was properly stated.

It is also urged that there was not a sufficient demand for the cash surrender value of the policy. This is urged upon the theory that the language of the policy requires that it be cancelled and presented to the company with a demand for the cash surrender value. The evidence discloses that appellee delivered the policy properly endorsed to his agent, who presented it at the office of appellant company in the city of Indianapolis with a demand for the payment of the $120 surrender value fixed in the policy. It also discloses that at a subsequent date, and within the time fixed in the policy, appellee himself tendered the policy to the company, properly endorsed and receipted by himself and wife, and made demand for the cash value thereof, which was refused. We think this is a sufficient compliance with the terms of the policy. He was not obliged to turn the policy over to appellant company until he had received payment therefor. At the time the policy was presented and demand was made for value thereof, the appellant refused payment of full amount. This was a waiver of the technical informality which appellant seeks now to interpose. *Germania Fire Ins. Co.* v. *Pitcher* (1903), 160 Ind. 392, 64 N. E. 921, 66 N. E. 1003; Kerr, Insurance §110.

Appellee's tender of the policy properly endorsed, and the refusal of the company to pay the money is sufficient to satisfy the requirements of the law. What we have said with respect to the matters above considered, disposes of other questions properly presented in appellant's points and authorities.

We find no error in the record which warrants this court in reversing the cause. Judgment affirmed.

NOTE.—Reported in 108 N. E. 249. As to conflict of laws regarding nonforfeiture of life policy, see 104 Am. St. 483. See, also, under (1) 25 Cyc. 943; (2, 3) 25 Cyc. 789.