## GARY NATIONAL LIFE INSURANCE COMPANY *v.* McQUAID.

[No. 11,454. Filed May 9, 1923. Rehearing denied May 29, 1923.]

1. APPEAL.—*Questions Presented.—Evidence.—Sufficiency.—Directed Verdict.—Absence of Evidence for Defendant to Defeat Action.*—In an action on a life insurance policy where there was no evidence admitted in behalf of the insurer that would defeat the policy, a challenge, that the directed verdict is not sustained by sufficient evidence, goes to the question of whether plaintiff has made a *prima facie* case. p. 8.

Gary, etc., Ins. Co. *v.* McQuaid—80 Ind. App. 4.

2. PLEADING.—*Action Based on Insurance Policy.—Execution of Policy.—Failure to Deny under Oath.—Admission of Policy. —Statutes.*—In an action on a life insurance policy, the policy may be read in evidence without proving its execution, under §370 Burns 1914, §364 R. S. 1881, unless its execution is denied by a verified pleading or an affidavit filed with the pleading denying the execution. p. 8.

3. EVIDENCE.—*Insurance Policy.—Premiums.—Acknowledgment of Payment.—Conclusiveness.*—In an action on a life insurance policy that was delivered to the insured, where the policy acknowledges payment of the premium, such fact cannot be contradicted, in the absence of fraud. p. 10.

4. WITNESSES.—*Beneficiary's Action on Life Policy.—Competency of Insurer's Agent to Testify.—Statutes.*—Section 523 Burns 1914, §500 R. S. 1881, providing that no agent who may have acted in the making or continuing of a contract with any person since deceased, shall be a competent witness for his principal, in any suit upon or involving such contract, as to matters occurring prior to the death of such decedent against the latter's legal representative or heirs, unless called by them, *held* not to apply to an action on an insurance policy by the beneficiary thereunder. p. 10.

5. INSURANCE.—*Agency.—Evidence.—Admissibility.*—In an action on a life insurance policy, evidence as to defendant's agency contracts and instructions to agents is inadmissible, in the absence of evidence that plaintiff or insured had any knowledge thereof. p. 10.

6. INSURANCE.—*Execution of Policy.—Evidence.—Admissibility.* —In an action on a life insurance policy, the execution of which was not denied by a verified pleading or an affidavit, proof of nonpayment of premiums, deposition of local agent as to the execution of the policy, the defendant's agency contract and instructions to agents and the printed receipt authorized by the insurer, were not admissible for the purpose of disproving the execution of the contract. p. 10.

From the Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by Katherine McQuaid against the Gary National Life Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frederick C. Crumpacker, Edwin H. Friedrich* and *Frank L. Greenwald,* for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

NICHOLS, C. J.—Action by appellee as beneficiary under a life insurance policy which she claims was issued by appellant insuring the life of her husband, Charles W. McQuaid, for $2,000.

The complaint is in substance as follows: On September 16, 1920, appellant duly issued to one Charles W. McQuaid, now deceased, its policy of life insurance by the terms of which it did promise and agree to pay to appellee as the wife of said McQuaid the sum of $2,000 immediately upon receipt of due proof of death and interest of claimant while said policy was in force. That said insured during his lifetime duly performed all the conditions of said policy on his part to be performed, and died on October 27, 1920. At the time of the issuance of said policy and at the time of the death of said insured, appellee was his wife and thereafter she gave notice to appellant of his death and appellant denied all liability under said policy. Wherefore appellee has been damaged in the sum of $2,000 with interest thereon from October 27, 1920, for which she demands judgment.

To the complaint is attached a copy of the application for insurance which was on the company's printed form, with necessary blank spaces filled in and which included among other things, provisions that the insurance applied for should not take effect unless the first premium be paid and the policy delivered to and accepted by the applicant during his lifetime and good health; that any payment in advance on account of premium should be binding on the company, only in accordance with the agent's receipt therefor on the company's authorized form.

In the application was this printed question: "Has the premium for the first policy year been paid in advance? which question was answered by "C.O.D." On September 16, 1920, the company issued its policy on

this application, naming the insured's wife, the appellee, as beneficiary. A copy of the policy was also attached. It consists of four pages, the first being the company's agreement to pay the beneficiary the amount of the policy upon the death of the insured, subject to the conditions thereinafter. On the second page is the recital:

"THIS LIMITED PAYMENT LIFE POLICY is issued in consideration of the signed application for the same, which is made a part hereof and copy of which is attached hereto, and of the payment for the first year, which is term insurance, as follows. . . EIGHTY-FOUR and 86/100 . . . Dollars, made on or before the . . . 10th . . . day of . . . September, 1920."

Appellant filed answer in four paragraphs, the first a denial, and the other three each on the theory that the first premium was not paid and therefore there was no liability. Appellee filed demurrer to the second, third and fourth paragraphs. Appellant confessed this demurrer on the ground that they did not state facts sufficient to bar the cause of action alleged because the policy recited payment of the first premium, and afterwards filed amended second, third, fourth and fifth paragraphs of answer, the second, third and fifth proceeding upon the theory of conditional delivery with condition unperformed and the fourth upon the theory of delivery, if at all, by the agent without authority, each of said affirmative answers, in effect denying the execution of said contract of insurance and none of said paragraphs of answer being verified. The issues were joined by appellee's reply to appellant's affirmative paragraphs of answer.

There was a trial by jury and at the close of the evidence, the court, upon request of appellee, directed the jury to return a verdict in her favor. This verdict was

returned accordingly, in the sum of $2,000. Appellant filed its motion for a new trial which was overruled, exception taken, and judgment entered upon the verdict, from which this appeal, appellant presenting the errors hereinafter considered.

Appellant, in contending that the verdict is not sustained by sufficient evidence, and that the court erred in directing a verdict for appellee, says that 1, 2. there is no evidence of the payment of the first premium, no evidence of delivery, and no evidence of acceptance by the insured. As there was no evidence by appellant admitted that would defeat the policy, appellant's challenge goes to the question as to whether appellee has made a *prima facie* case. As beneficiary, she gave due notice to appellant of the death of the insured, and liability was denied. She was in possession of the policy, and produced it at the trial, and it was admitted in evidence without objection. It was dated September 16, 1920, and recites, as to payment, that it is, "Issued in consideration of the signed application * * and of the payment for the first year as follows:—Eighty-four and 86/100 Dollars, made on or before the 10th day of September, 1920." Section 370 Burns 1914, §364 R. S. 1881, provides that where a pleading is founded on a written instrument, such instrument may be read in evidence on the trial of the cause without proving its execution, unless its execution be denied by pleading under oath, or by an affidavit filed with the pleading denying the execution. Construing this section, the court in *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 20 N. E. 122, says: "A failure to deny the execution of an instrument, which is properly set out as the foundation of the action, by a pleading under oath, has been held to be so far an admission of its execution as to preclude further controversy on that subject."

In *The Home Ins. Co.* v. *Gilman, Exr.* (1887), 112 Ind. 7, 13 N. E. 113, there was an answer questioning the right of the company's agent to deliver an insurance policy, and the court says: "There was no answer of *non est factum,* nor was the seventh paragraph of answer verified. So far, therefore, as the allegations of the answer go in denial of the execution of the policy prior to the date of the fire, they are immaterial. The answer presented no issue relating to the execution of the policy." Other authorities to the same effect are *Carver* v. *Carver* (1884), 97 Ind. 497; *Penn. Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379, 72 N. E. 132; *Tulley* v. *Citizens' Bank* (1897), 18 Ind. App. 240, 47 N. E. 850; *Isgrig* v. *Franklin Nat. Bank* (1913), 53 Ind. App. 217, 101 N. E. 398; *Commercial Life Ins. Co.* v. *McGinnis* (1912), 50 Ind. App. 630, 97 N. E. 1018. Under these authorities, it clearly appears that for the purposes of this case the policy in suit was duly executed which includes its delivery. *Phoenix Ins. Co.* v. *Rowe, supra; Kusler* v. *Crofoot* (1881), 78 Ind. 597.

It is stipulated in the application, "That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy delivered to and accepted by me during my lifetime and in good health." But the policy involved was delivered in the lifetime of the insured, which was the final act of its execution, and it thereby became effective. The policy contained an express acknowledgment that the premium had been paid.

In *The Home Ins. Co.* v. *Gilman, Exr., supra,* the court says on p. 12: "The authorities justify the statement, that where a duly authorized agent of an insurance company delivers a policy of insurance which acknowledges on its face that the premium has been paid, such acknowledgement concludes the company from thereafter denying that the premium was paid, for the mere pur-

pose of assailing the legal existence of the policy. Insurers are estopped to deny that the contract of insurance attached, on account of nonpayment, after the policy has been duly delivered and the receipt of the premium duly acknowledged, unless the acknowledgement .has been procured through mistake or by fraud." What we have said with reference to the execution, with delivery, of the policy, applies as well to its acceptance, for there could be no due execution of the insurance contract without its acceptance.

Appellant contends that it should have been permitted to prove that the first premium had not been paid for the purpose of establishing the averments of

3. its second and third paragraph of answer. Except as to an averment of fraud in the third paragraph of answer, these paragraphs of answer involve only the execution of the policy, and they are not verified. To permit proof of the nonpayment of the first premiums for the purpose of challenging the legal existence of the policy is but to challenge its execution, and under the state of the pleadings appellant is precluded from this defense. As to the averment of fraud in obtaining possession of the policy, we find no evidence that appellee or the insured obtained such possession surreptitiously. The instrument itself acknowledging the payment of the premium, such fact may not in the absence of fraud, be contradicted. *Home Ins. Co.* v. *Gilman, Exr., supra.*

Appellant contends that it was error for the court to exclude the deposition of witness Estes, local agent of appellant at the time the policy was written.

4-6. This exclusion cannot, in our opinion, be justified under the provisions of §523 Burns 1914, §500 R. S. 1881, which provides that "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a

competent witness, in any suit upon or involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or heirs of the decedent, unless he shall be called by such heirs or legal representatives." But appellee is not bringing her action herein as an heir or as a legal representative, but as a beneficiary in the insurance policy, and hence the section relied on by appellee does not apply. *Snyder* v. *Frank* (1913), 53 Ind. App. 301, 101 N. E. 684. But the material questions and answers in such deposition go to the question of the execution of the insurance contract, and, as such they were incompetent. *Penn. Mut. Life Ins. Co.* v. *Norcross, supra; Home Ins. Co.* v. *Gilman, Exr., supra.* There was therefore no error in excluding the deposition, under the state of the pleadings in this case. There was no error in excluding from the evidence appellant's agency contracts and instructions to agents. There was no evidence that appellee or the insured had any knowledge of such contracts or instructions and in the absence of such knowledge, they could not be bound thereby. *Lake Shore, etc., R. Co.* v. *Foster* (1885), 104 Ind. 293, 4 N. E. 20, 54 Am. Rep. 319; *King* v. *Edward Thompson Co.* (1914), 56 Ind. App. 274, 104 N. E. 106. Further, such evidence, together with the printed receipt, were only for the purpose of determining the execution of the contract, and for that reason were not admissible under the pleadings.

In *Isgrig* v. *Franklin Nat. Bank, supra,* there was involved the execution of a promissory note. An answer to that effect was not verified. The course of procedure at the trial was much like that of the instant case. Appellee introduced the note in evidence, proved reasonable attorney's fees and rested. Appellant offered evidence to prove his answer, to which appellee objected, and the court, ruling on the same, stated that, under

the pleadings, the execution of the note was not in issue. At the conclusion of the evidence the court on motion of appellee directed the jury to return a verdict for appellee. This court, sustaining the trial court says: "The evidence introduced by plaintiff made a *prima facie* case in its favor. Unless there was some evidence introduced by the defendant tending to rebut the *prima facie* case thus made, or tending to establish an affirmative defense, the court committed no error in directing a verdict for the plaintiff. As the answer was not verified, no issue in relation to the execution of the note was presented."

We find no error. Judgment affirmed.