GENTRY *v.* GENTRY

[No. 18,270. Filed February 20, 1953.]

*Garrison & Castor* and *Neal & Neal,* all of Noblesville, for appellant.

*Christian, Waltz & Klotz,* of Noblesville, for appellee.

ROYSE, C. J.—Appellant brought this action against appellee on a note for $1,500.00. Appellee answered the complaint in five paragraphs. The first admitted appellee signed the note but averred there was no consideration and denied the allegation as to interest and attorney fees. The second averred that at the time the note was signed the parties hereto were husband and wife; that thereafter the parties were divorced and appellant was awarded $1,500.00 alimony and all of their property rights were adjudicated in the divorce

action. The third averred appellee signed the note but did not deliver it to appellant and the note was never executed. The fourth averred appellant spent the sum of $1,500.00 for improvements on property then owned by appellee, and demanded he sign the note which is the subject of this action. Thereafter, a mortgage was foreclosed on said property; that to satisfy appellant's demands for the $1,500.00 appellee caused the real estate which the parties owned at the time of the divorce to be placed in their names as tenants by the entirety; that at the time the divorce was granted all property rights between the parties were settled by an agreement that she should be allowed alimony in the sum of $1,500.00. The fifth pleaded the statute of limitations. None of the paragraphs of answer were verified.

The cause was tried to the court. On proper request the trial court found the facts specially and declared its conclusions of law thereon in favor of appellee. Judgment accordingly. The errors assigned here are that the court erred in its conclusions of law Nos. 1 and 2, and in overruling appellant's motion for a new trial. The specifications of that motion are as follows: The finding of the court is not sustained by sufficient evidence and is contrary to law.

The findings of fact may be summarized as follows: The parties hereto were married on July 5, 1910 and lived together as husband and wife until June, 1948, when they separated. They were divorced July 7, 1950. On August 20, 1912 appellee signed the promissory note payable to appellant for $1,500.00 due one day after date, which is the subject of this action. Prior to the date said note was signed, appellant sold her interest in certain real estate and with the proceeds paid indebtedness of appellee in the sum of $1,500.00.

On August 12, 1912 appellant requested appellee to sign the note, for the reason he had children by a former marriage. He signed the note and placed it in a drawer with his other personal papers where it remained for several years. Appellant, without his knowledge, took the note. He never delivered the note to her. Until the commencement of this action she never requested payment of the note. Subsequent to the signing of the note appellee acquired certain real estate and caused the title to be conveyed to the parties as tenants by the entirety and they continued to own this property to the time of their divorce. On July 7, 1950 appellant obtained a divorce from appellee and was awarded $1,500.00 alimony. In the divorce proceeding there was no pleading or evidence in reference to the note that is the subject of this action. On the date the divorce was granted appellant brought an action for partition of the property originally owned by them as tenants by the entirety. This property was ordered sold for $14,500.00 out of which a mortgage of $1,350.00 was paid. The net proceeds were divided equally between the parties after deducting $1,500.00 from appellee's share in lieu of alimony.

The sole question presented by this appeal is, whether the failure of appellant to object to evidence introduced to support appellee's contention that the note sued upon was not duly executed waived the requirement that a plea of non est factum must be verified.

The execution of a note includes both signing and delivery. *Godman* v. *Henby* (1905), 37 Ind. App. 1, 76 N. E. 423.

One of the leading cases in this jurisdiction on the question before us is the case of *Cincinnati Barbed*

*Wire Fence Company* v. *Chenoweth et al.* (1899), 22 Ind. App. 685, 54 N. E. 403, 67 A. L. R. 1285n. In that case this court pointed out the distinction in the requirement of verification of complaints, pleas to the jurisdiction, pleas in abatement, and pleas of non est factum. In a comprehensive review of cases decided by our Supreme Court and other courts on the subject, we pointed out that the rule in this state was, that where the plea was not verified and evidence was submitted without objection there was a waiver except in cases of a plea of *non est factum*. In referring to the rule in the latter cases, we said:

". . . it must be held that the rule is now well established that the failure of a defendant to deny under oath the execution of the instrument sued on, not only waives proof of such execution on the part of the plaintiff, but precludes further controversy on that point. The reason for such a rule, briefly stated, is that a failure to deny the execution under oath admits the instrument sued on to be genuine, and a party will not be heard to admit and to deny the execution of the same instrument under the same pleading. And the reasoning which supports the rule that a failure to object to the want of verification of a complaint or plea in abatement waives such verification cannot apply to pleas of *non est factum,* because, whether a party requires a complaint or plea in abatement to be verified, or goes to trial without such verification, the issues remain the same, while the verification of the plea of *non est factum* raises an entirely new issue in the case. The statute itself provides that the party may read the instrument in evidence without proving its execution, unless denied under oath; and, if the execution may be denied by a pleading under oath, the plaintiff is then compelled to do precisely what the statute says he shall not be required to do."

In the case of *Penn Mutual Life Insurance Company* v. *Norcross* (1904), 163 Ind. 379, 385, 72 N. E. 132,

the Supreme Court, in citing with approval the last mentioned case, said:

"There can be no waiver of the objection that such an answer is not verified by failing to move to strike it out, for the code contemplates that the effect of failing to deny the execution of the instrument under oath is to preclude the defendant from giving evidence upon the trial for the purpose of drawing the execution of the instrument into controversy."

See also, *Isgrig* v. *Franklin National Bank* (1913), 53 Ind. App. 217, 220, 101 N. E. 398.

On the authority of the foregoing cases we hold on the issues before the trial court in this case the question of the execution of the note was not in issue.

In this case, upon the facts found the conclusions of law are correct. However, the finding in appellee's favor rests wholly upon the evidence showing the non-delivery of the note. No issue of that kind was presented. The pleadings filed by appellee, in effect, admitted the execution of the note. When a special finding embraces facts not proper or competent to be considered, such findings must be disregarded *and cannot form the basis for a conclusion of law*. *Cincinnati Barbed Wire Fence Company* v. *Chenoweth et al., supra*, p. 696; *Burton, Receiver*, v. *Morrow et al.* (1892), 133 Ind. 221, 226, 32 N. E. 921.

Judgment reversed, with instructions to sustain the motion for a new trial, and with leave to parties to amend pleadings if they so desire.

NOTE.—Reported in 110 N. E. 2d 509.